UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HUNG LIAN, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-05-2503
:
RONNIE HOLT, :
: (Judge McClure)
:
    Respondent :

## **MEMORANDUM AND ORDER**

April 13, 2006

**Background**

    Hung Lian ("Petitioner"), an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"), initiated this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is FCI-Schuylkill Warden Ronnie Holt. Service of the petition was previously ordered.

    Petitioner states that he is presently serving a 240 month term of incarceration which was imposed by the United States District Court for the Eastern District of New York. He states that on May 20, 2005, "a minuscule quantity of drugs were found in Petitioner's cell living area under the most suspicious of circumstances." [1] Record

---

[1] A "rubber glove fashioned packet" containing twelve (12) individually wrapped pieces of paper containing heroin was found in the top drawer of a desk in Petitioner's cell. Id. at p. 4.

document no. 1, Attachment, p. 2.  As a result, Lian was issued a misconduct report charging him with possession of drugs.  Following a hearing before Disciplinary Hearing Officer ("DHO") Kevin Bittenbender, Petitioner was found guilty of the charge and issued various sanctions, including a loss of fifty-four (54) days of good time credits.

Petitioner initially claims that the DHO's finding of guilt was not supported by the evidence because another prisoner has taken responsibility for the drugs.  Lian next asserts that since the packet of drugs was not dusted for fingerprints, an adequate internal investigation was not undertaken by FCI-Schuylkill officials.   Petitioner adds that DHO Bittenbender failed to give proper consideration to the fact he did not have a positive urine test.  Furthermore, Lian argues that like other recent similar suspicious events, the search of his cell was prompted by an anonymous dropped note.[2]   Thus, he concludes that in light of  the circumstances surrounding the search it is apparent that the drugs were planted in his cell by correctional staff members.  His final argument is that the DHO Bittenbender, completely disregarded his testimony.

**Discussion**

The Fourteenth Amendment of the United States Constitution provides in

---

[2] In support of his argument, Lian notes that there are several ongoing investigations into staff misconduct at FCI-Schuylkill.

pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  The Supreme Court has mandated a two-part analysis of a procedural due process claim:  first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'"  Ingraham v. Wright, 430 U.S. 651, 672 (1977).  If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.  Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.  Meachum v. Fano, 427 U.S. 215, 223-26 (1976).

In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), prisoners were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding.  The Supreme Court recognized in Wolff that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556.  Nonetheless, the Court held that a prisoner facing serious institutional sanctions such as a loss of good time credits is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

Wolff set forth five requirements of due process in a prison disciplinary

3

proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal. The Court of Appeals for the Third Circuit in Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992), thereafter recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the Wolff due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit). Since Lian was sanctioned to a loss of good time credits, his allegations relating to his underlying disciplinary proceeding will be reviewed under the Wolff and Hill standards.

1. **Staff Representation**

Wolff provides inmates the right to be provided with a representative, however, it does not mandate that a prisoner has the right to be afforded a staff representative of his choosing. It is noted that Lian's present action does not allege that he was denied staff representation at his DHO hearing. Moreover, the undisputed record provides that Petitioner asked to be represented by a staff member at his hearing. The request was approved and Counselor M. Barlow was appointed to represent the Petitioner. Barlow met with Lian to discuss the charge and was thereafter present at the prisoner's hearing before the DHO.

**2.      Advance Notice/Written Decision**

Under Wolff, it is required that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him. The present petition contains no allegation that the advance notice mandate of Wolff was violated. Second, the undisputed record confirms, that Petitioner received proper advance written notice of the charges against him.

Wolff also directs that the factfinders must issue a written decision describing the evidence relied upon and stating the rationale behind their decision. There is also no contention that the fact finder, DHO Bittenbender, failed to issue a written decision. Moreover, the record contains a copy of Bittenbender's written decision, a review of which confirms that it satisfies the mandates of Wolff. Consequently, both of those Wolff procedural safeguards were likewise satisfied.

**3.      Ability to Call Witness**

Wolff also includes a procedural safeguard which requires that an inmate facing institutional disciplinary charges be granted an opportunity to call witnesses and present documentary evidence. However, this privilege is not absolute. Specifically, a prisoner's request to present evidence may be denied if it would threaten institutional security or correctional goals.

A review of the petition does not reveal any claim by Petitioner that he requested, but was denied the ability to call a witness. Second, in a pre-hearing form executed by Lian, the prisoner clearly indicated that he did not wish to have any witnesses at his DHO hearing. In his present petition, Lian indicates that he can provide a written statement from a fellow FCI-Schuylkill inmate who will take responsibility for the drugs. However, there is no allegation by Lian that he attempted but was denied permission by DHO Bittenbender to introduce this statement during his disciplinary hearing.[3] Based on the above discussion, this prong of Wolff was also satisfied

### 4. **Sufficiency of the Evidence**

A federal court has no duty to independently assess the witnesses' credibility or weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). The Sixth Circuit Court of Appeals in Hensley added that a disciplinary tribunal's failure to

---

[3] It is additionally noted that Petitioner has not provided this Court with any exculpatory written statement from any FCI-Schuylkill inmate.

explain why alibi testimony was not found credible did not constitute a due process violation. See id. at 278. Based upon an application of the Hensley rationale to the present case, DHO Bittenbender did not violate Petitioner's due process rights by not accepting his general, wholly unsupported statement that he was set up.

In Okocci v. Klein, 270 F.Supp. 2d 603 (E.D. Pa. 2003), the district court addressed a due process claim raised by an inmate in connection with a prison disciplinary proceeding. The Eastern District concluded that the denial of the prisoner's request that a fingerprint analysis be conducted on a shank found in his cell was not a procedural due process violation. The Court stated:

> "[a]ccording to this argument, Plaintiff would essentially have a constitutional right to have the prison prepare evidence for him. This procedural due process right is not established in the law."

Id. at 610.

Similarly in Griffin, the Third Circuit Court of Appeals held that a hearing examiner's finding of guilt which was premised on a correctional officer's non-scientific testimony that a confiscated beverage was fermented was constitutionally acceptable. Griffin, 969 F.2d at 22. The Court of Appeals added that a failure to preserve the allegedly fermented beverages, potentially useful evidence, did not violate due process. Based on the standards set forth above, this Court concludes that the failure of FCI-Schuylkill officials to dust for fingerprints on the confiscated packet

7

confiscated from Lian's cell[4] or conduct a more detailed investigation into the origin of the anonymous dropped note did not violate the Petitioner's due process rights.

The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). Certainly, the evidence cited by DHO Bittenbender's written decision provided such a basis in this case. Specifically, it is undisputed that a plastic glove containing twelve individually wrapped pieces of a brown powdery substance was found in the top desk drawer in the Petitioner's cell. According to undisputed documents submitted by the Respondent, the package was taped underneath the desk top, thus, undermining any contention that the packet was left in plain view so that it could be easily discovered. See Record document no. 4, 10. The substance was field tested and determined to be heroin.

It is undisputed that under BOP regulations prisoners are responsible for the contents of their cells and that a quantity of heroin was found hidden in the top desk drawer of Lian's cell. Furthermore, the fact that Petitioner's urine test had a negative result, does not compel the conclusion that he was not in possession of heroin, only that the inmate had not recently injected or otherwise ingested heroin. It is additionally noted that Petitioner has not provided this Court with a motive or any supporting facts in support of his vague claim of being set up. Moreover, Lian has also not submitted

---

[4] See Record document no. 1, Attachment, p. 6.

the purported written statement of an unidentified fellow FCI-Schuylkill inmate who has allegedly admitted to ownership of the confiscated heroin at issue herein.

Based on the foregoing discussion, especially Petitioner's admission that twelve (12) packets of heroin were found in the top drawer of a desk located in his cell, it is apparent that there was some evidence or basis in fact to support DHO Bittenbender's finding of guilt as required under Hill.  Furthermore, the actions and decisions taken during the course of the disciplinary proceeding which is the subject of this action satisfied Lian's federal due process rights.[5]

**5.     DHO Sanctions**

Petitioner contends that it was improper for DHO Bittenbender to impose multiple excessive separate sanctions against him.  Specifically, Lian was sanctioned to a 54 day loss of good time credits, a 5 year loss of phone privileges, a 5 year loss of commissary privileges, 60 days of disciplinary segregation and a 5 year loss of visitation privileges.  Respondent counters that since Petitioner's offense fell within the Greatest Severity Category, the sanctions imposed were permissible under BOP policy.

---

[5]   It is additionally noted that there is no indication that the Petitioner ever sought reconsideration by the BOP of his disciplinary sanctions based upon the alleged written acceptance of responsibility by another FCI-Schuylkill inmate. Consequently, the BOP cannot be deemed to have acted improperly for not considering purported exculpatory evidence which was never presented for its consideration.

The Petitioner was found guilty of a Code 113 possession of drugs.  Under applicable BOP regulations, a 100 level offense is a prohibited act within the greatest severity category.  As such, it was permissible for DHO Bittenbender to impose the multiple sanctions which Lian received.  See 28 C.F.R. § 541.13(a)(1).  This claim will be dismissed as meritless.

### 6. **Monetary Damages/Injunctive Relief**

Lian's petition in part seeks compensatory wage reimbursement as well as injunctive relief, including the initiation of an investigation into other FCI-Schuylkill incidents involving dropped handwritten notes.  Such requests are not properly raised in a habeas corpus action.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court indicated that a constitutional cause of action for damages does not accrue until a prisoner proves that his challenge to the length of his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal.  It has also been recognized that a habeas corpus petition is generally limited to claims challenging either the fact or duration of a prisoner's sentence or confinement.  Preiser v. Rodriquez, 411 U.S. 475, 494 (1973); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied, 510 U.S. 920 (1993).

Pursuant to those well-settled standards, "habeas corpus is not an appropriate or available federal remedy" with respect to the claims for compensatory damages and the request that an investigation be conducted into other incidents which purportedly

10

took place at FCI-Schuylkill.   See Linnen v. Arainis, 991 F.2d 1102, 1109 (3d Cir. 1993); Hahn v. Larkins, Civil No. 97-0822 (M.D. Pa. June 30, 1997) (Rambo, C.J.); Lee v. Larkins, Civil No. 97-1095 (M.D. Pa. July 25, 1997) (Kosik, J.).  The petition for writ of habeas corpus will be denied. Consequently,

**IT IS HEREBY ORDERED:**

1. The petition for writ of habeas corpus is denied.
2. The Clerk of Court is directed to close the case.
3. Based upon the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge